UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

RONALD VALENTINE and THERESA VAENTINE, husband and wife,

                         Plaintiffs',

    -against-

MTD PRODUCTS, INC., TECUMSEH PRODUCTS COMPANY & JOHN'S POWER EQUIPMENT,

                         Defendants

------------------------------------------------------------------------- x

Civil Action No. **07 CV 3914**

**ANSWER**

**DEMAND FOR JURY TRIAL**

      Defendant MTD PRODUCTS, INC. (hereinafter "MTD"), by and through its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Answer to plaintiffs' Complaint, states as follows:

      1.     Defendant MTD denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "3", "4", "5", "6", "7", "8", "9" and "10" of plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

      2.     In response to paragraph "11" of plaintiffs' Complaint, MTD repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs "1" through "10", inclusive, of plaintiffs' Complaint, with the same force and effect as if repeated herein at length.

      3.     Defendant MTD denies the allegations contained in paragraphs "12" and "13" of plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

4. In response to paragraph "14" of plaintiffs' Complaint, MTD repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs "1" through "13", inclusive, of plaintiffs' Complaint, with the same force and effect as if repeated herein at length.

5. Defendant MTD denies the allegations contained in paragraphs "15", "16", "17" and "18" of plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

6. In response to paragraph "19" of plaintiffs' Complaint, MTD repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs "1" through "18", inclusive, of plaintiffs' Complaint, with the same force and effect as if repeated herein at length.

7. Defendant MTD denies the allegations contained in paragraphs "20" and "21" of plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH THROUGH NINTH CAUSES OF ACTION

8. MTD Products, Inc. makes no response to the allegations contained in paragraphs "22" through "43" in plaintiffs' Complaint inasmuch as those allegations are directed to other parties.

**FIRST AFFIRMATIVE DEFENSE**

Without relieving Plaintiffs of their burden of proof of establishing their injuries or damages, if any, any damages sustained by Plaintiffs were proximately caused or contributed to by the intervening or superseding intentional conduct, negligence, recklessness, or other culpable conduct of third-parties and tortfeasors that Plaintiffs have not named in this action and that the recovery of the Plaintiffs, if any, should be commensurately reduced by the proportionate share of the third-parties' and tortfeasors' intentional conduct, negligence, recklessness, or other culpable conduct.

**SECOND AFFIRMATIVE DEFENSE**

That any damages suffered by the Plaintiffs were the result of the contributory fault, comparative fault, recklessness, carelessness, assumption of risk and other culpable conduct of the Plaintiffs themselves and that the recovery of the Plaintiffs, if any, should be commensurately reduced by the proportionate share of the Plaintiffs' contributory fault, comparative fault, recklessness, carelessness, assumption of risk and other culpable conduct.

**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent and were known by the Plaintiffs and voluntarily assumed by them and, as such, plaintiffs' claim is barred by the doctrine of assumption of risk.

**FOURTH AFFIRMATIVE DEFENSE**

Upon information and belief, that the product which forms the subject of this lawsuit was misused by the Plaintiffs and/or by others over whom answering Defendant neither had nor exercised control.

**FIFTH AFFIRMATIVE DEFENSE**

That pursuant to New York Civil Practice Law and Rules §4545, if the Court finds that any costs of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss which the Plaintiffs may have incurred were replaced or indemnified in whole or in part from any collateral source, then the Court shall reduce the amount of any award to the Plaintiffs by the amount of said reimbursement minus the premiums, if any, paid by the Plaintiffs or anyone on their behalf for such benefits for the applicable period immediately preceding the accrual of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, if it is found that any product distributed, manufactured, sold or maintained by this answering Defendant is involved in this lawsuit, such product underwent material and substantial alterations after said product left the possession and control of the answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

That all or some of the claims asserted by the Plaintiffs herein are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent the damages as set forth in the Plaintiffs' Complaint could have been wholly or in part avoided by reasonable effort on the part of the Plaintiffs, their agents, servants and/or employers and without undue burden, risk or expense, said damages were the result of Plaintiffs' failure to mitigate and may not be recovered from answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Any oral warranties upon which Plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable statute of frauds as provided in UCC Sec. 2-201.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs failed to give proper and prompt notice of any alleged breach of warranty to this answering defendant and, accordingly, any claims based on breach of warranty are barred according to the provisions of UCC Sec. 2-607.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs lack privity to maintain any claim based on breach of warranty.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint fails to set forth a cause of action.

**DEMAND FOR A JURY TRIAL**

Defendant MTD PRODUCTS, INC. hereby demands a trial by jury in this matter.

**WHEREFORE**, this answering defendant demands judgment pursuant to the Federal Rules of Civil Procedure:

    (a)    Dismissing Plaintiffs' Complaint in its entirety; and

    (b)    awarding the costs and disbursements of this action.

Dated: White Plains, New York
       June 20, 2007

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   s/                           
    Rosario M. Vignali, Esq.
*Attorneys for Defendant MTD PRODUCTS, INC.*
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No.: 10360.00001

TO:   **COZEN O'CONNOR**
        Attorneys for Plaintiffs'
        45 Broadway Atrium
        16th Floor
        New York, NY 10006
        (212) 509-9400
        Attn: Jeffrey L. Nash, Esq.

**Tecumseh Products Company**
100 East Patterson Street
Tecumseh, MI 49286

**John's Power Equipment**
215 Route 6
Milford, PA 18337-9329