Alice Spitz, Esq. (AS 5155)
aspitz@molodspitz.com
MOLOD SPITZ & DeSANTIS, P.C.
104 West 40th Street, 9th Floor
New York, New York 10018
Tel: (212) 869-3200
Fax: (212) 869-4242
*Attorneys for Defendant*
*JOHN'S POWER EQUIPMENT*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RONALD VALENTINE and THERESA
VALENTINE, husband and wife,

         Plaintiffs,    Case No.: 07 CIV. 3914 (WP4)

 -against-            **ANSWER**

MTD PRODUCTS, INC., TECUMSEH PRODUCTS
COMPNY & JOHN'S POWER EQUIPMENT,  Trial by Jury Demanded

         Defendants.
-----------------------------------------------------------------X

  The Defendant, JOHN'S POWER EQUIPMENT, by its attorneys, MOLOD SPITZ & DeSANTIS, P.C., answering the Complaint of the Plaintiffs, states upon information and belief:

### THE PARTIES

  FIRST:  Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **1**.

  SECOND:  Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **2**.

  THIRD:  Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **3**.

FOURTH:   Denies each and every allegation in the Complaint designated as paragraph 4.

## FACTUAL ALLEGTIONS

FIFTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 5.

SIXTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 6.

SEVENTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 7.

EIGHTH:   Denies each and every allegation in the Complaint designated as paragraph 9, except admits Valentine purchased an MTD manufactured White Outdoor Lawn Tractor and Twin Rear Bagger Kit from John's.

NINTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 10.

## ANSWERING THE FIRST CAUSE OF ACTION

TENTH:   With reference to paragraph 11 of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 10**, inclusive, with the same force and effect as though more fully set forth herein at length.

ELEVENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 12.

TWELFTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 13.

## ANSWERING THE SECOND CAUSE OF ACTION

THIRTEENTH: With reference to paragraph **14** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 13**, inclusive, with the same force and effect as though more fully set forth herein at length.

FOURTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **15**.

FIFTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **16**.

SIXTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **17**.

SEVENTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **18**.

## ANSWERING THE THIRD CAUSE OF ACTION

EIGHTEENTH: With reference to paragraph **19** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 18**, inclusive, with the same force and effect as though more fully set forth herein at length.

NINETEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **20**.

TWENTIETH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **21**.

## ANSWERING THE FOURTH CAUSE OF ACTION

TWENTY-FIRST:   With reference to paragraph **22** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 21**, inclusive, with the same force and effect as though more fully set forth herein at length.

TWENTY-SECOND: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **23**.

TWENTY-THIRD:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **24**.

## ANSWERING THE FIFTH CAUSE OF ACTION

TWENTY-FOURTH: With reference to paragraph **25** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 24**, inclusive, with the same force and effect as though more fully set forth herein at length.

TWENTY-FIFTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **26**.

TWENTY-SIXTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **27**.

TWENTY-SEVENTH:   Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **28**.

TWENTY-EIGHTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **29**.

## ANSWERING THE SIXTH CAUSE OF ACTION

TWENTY-NINTH: With reference to paragraph **30** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 29**, inclusive, with the same force and effect as though more fully set forth herein at length.

THIRTIETH: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **31**.

THIRTY-FIRST: Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph **32**.

## ANSWERING THE SEVENTH CAUSE OF ACTION

THIRTY-SECOND: With reference to paragraph **33** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 32**, inclusive, with the same force and effect as though more fully set forth herein at length.

THIRTY-THIRD: Denies each and every allegation in the Complaint designated as paragraph **34**.

THIRTY-FOURTH: Denies each and every allegation in the Complaint designated as paragraph **35**.

## ANSWERING THE EIGHTH CAUSE OF ACTION

THIRTY-FIFTH: With reference to paragraph **36** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 35**, inclusive, with the same force and effect as though more fully set forth herein at length.

THIRTY-SIXTH: Denies each and every allegation in the Complaint designated as paragraph **37**, and respectfully refers all questions of law to this Honorable Court.

THIRTY-SEVENTH: Denies each and every allegation in the Complaint designated as paragraph **38**.

THIRTY-EIGHTH: Denies each and every allegation in the Complaint designated as paragraph **39**.

THIRTY-NINTH: Denies each and every allegation in the Complaint designated as paragraph **40**.

## ANSWERING THE NINTH CAUSE OF ACTION

FORTIETH: With reference to paragraph **41** of Plaintiffs' Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs numbered **1 through 40**, inclusive, with the same force and effect as though more fully set forth herein at length.

FORTY-FIRST: Denies each and every allegation in the Complaint designated as paragraph **42**.

FORTY-SECOND: Denies each and every allegation in the Complaint designated as paragraph **43**.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-THIRD: That the negligence, fault and culpable conduct of the Plaintiff(s) herein caused the incident in which Plaintiffs were damaged and/or damages resulting there from.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-FOURTH:   Defendant affirmatively pleads the provisions of CPLR § 4545 insofar as applicable to the reduction of any recovery the Plaintiffs might be awarded.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-FIFTH:   If this answering Defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable an therefore this answering Defendant's liability shall be limited in accordance with Article 16 of the C.P.L.R.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-SIXTH:   Upon information and belief, Plaintiffs failed to property use the product in the manner intended.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Any damages sustained by the Plaintiffs as alleged in the Complaint were caused, in whole or in part, by the misuse and/or abuse of the product in question by others over whom this answering Defendant had no control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:   If the answering Defendant is found liable for 50% or less of the total liability assigned to all parties liable, then the liability of this answering Defendant to the Plaintiffs for non-economic loss shall not exceed this answering Defendant's equitable share determined in accordance with the relative culpability of each party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-NINTH:   That any product distributed by the answering Defendant conformed strictly to the specifications of the persons or entities that ordered the product and defendant committed no actionable act or omission in distributing such product.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FIFTIETH:   In the event that any breach of warranty is proven, Plaintiffs failed to give proper and prompt notice of any such breach of warranty to JOHN'S POWER EQUIPMENT as required by UCC 2-607(3).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:   If the Plaintiffs should prove that they sustained damages as alleged, such damages resulted from acts or omissions on the part of third parties over whom this answering Defendant had no control or right of control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FIFTY-SECOND:   While JOHN'S POWER EQUIPMENT denies the allegations of Plaintiffs with respect to negligence, statutory liability, strict liability, breach of warranty, injury and damages, to the extent that Plaintiffs may be able to prove the same, such liability was the result of intervening and/or interceding acts of negligence on the part of third parties over whom this answering Defendant had neither control nor right of control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD:   That if it is found that nay product distributed or sold by this answering Defendant is involved in this lawsuit, said product was sold by this answering Defendant to a sophisticated user.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS MTD PRODUCTS, INC. AND TECUMSEH PRODUCTS COMPANY, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

FIFTY-FOURTH: That if Plaintiffs were caused damages as alleged in the Complaint through negligence other than Plaintiffs' own negligence, carelessness and recklessness, said damages were sustained due to the primary and active, negligence, careless and reckless acts of omission or commission of the Co-Defendants, above-named, with the negligence, if any, of the answering Defendant being secondary and/or derivative only.

FIFTY-FIFTH: That if Plaintiffs should recover judgment against the answering Defendant, then Co-Defendants, MTD PRODUCTS, INC. and TECHUMSEH PRODUCTS, COMPANY, shall be liable to said answering Defendant for the full amount of said Judgment or on the basis of apportionment of responsibility for the alleged occurrence, the answering Defendant is entitled to contribution from and judgment over and against the Co-Defendants for part of any verdict or judgment which Plaintiffs may recover in such amounts as a jury or Court may direct.

WHEREFORE, the answering Defendant demands judgment dismissing Plaintiffs' Complaint against it; and further demands judgment over and against Co-Defendants MTD PRODUCTS, INC. and TECUMSEH PRODUCTS COMPANY, for the amount of any judgment obtained against this answering Defendant by Plaintiffs, or on the basis of apportionment of responsibility, in such amounts as a jury or Court may direct, together with the costs, disbursements and expense of this action.

Dated: New York, New York
       July 11, 2007

MOLOD SPITZ & DESANTIS, P.C.

MOLOD SPITZ & DeSANTIS
*Attorneys for Defendant*
*JOHN'S POWER EQUIPMENT*


By: _____/S/_____
ALICE SPITZ (AS 5155)

104 West 40th Street, 9th Floor
New York, New York 10018
Tel: (212) 869-3200
File No.: FED-462


TO:

COZEN & O'CONNOR
*Attorneys for Plaintiffs*
*RONALD VALENTINE and THERESA VALENTINE*
45 Broadway Atrium, 16th Floor
New York, New York 10006
Tel: (212) 509-9400
By: Jeffrey L. Nash, Esq. (JLN 6266)