**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
   Tecumseh Products Company

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK (White Plains)

Case No.: 07-CIV-3914 (MDF)

**ANSWER TO COMPLAINT AND SEPARATE DEFENSES**

| | |
|---|---|
| RONALD VALENTINE and THERESA VALENTINE, husband and wife,<br><br>                                   Plaintiffs,<br><br>     vs.<br><br>MTD PRODUCTS INC., TECUMSEH PRODUCTS COMPANY & JOHN'S POWER EQUIPMENT,<br><br>                                  Defendants. | : : : : : : : : : : : : : : |

Defendant Tecumseh Products Company ("Tecumseh"), a corporation of the State of Michigan, having its principal place of business in the State of Michigan, by way of Answer to the Complaint, says:

### THE PARTIES

1.    This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "1" of the Complaint.

2.    This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "2" of the Complaint.

ME1 6487618v.1

3. This defendant admits only that it is a Michigan corporation with its principal place of business in Michigan. To the extent there are remaining allegations contained in paragraph "3" of the Complaint, those allegations are denied.

4. This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "4" of the Complaint.

## FACTUAL ALLEGATIONS

5. This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "5" of the Complaint.

6. This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "6" of the Complaint.

7. This defendant denies the allegations contained in paragraph "7" of the Complaint, except states that, at certain times, Tecumseh manufactured small engines used in lawn and garden applications.

8. This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "8" of the Complaint.

9. This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "9" of the Complaint.

10. This defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph "10" of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## STRICT PRODUCT LIABILITY - MTD PRODUCTS, INC.

11. The answers to repeated allegations are repeated as though set forth herein.

12. Paragraph "12" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

ME1 6487618v.1

13.     Paragraph "13" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF WARRANTY - MTD PRODUCTS, INC.

14.     The answers to repeated allegations are repeated as though set forth herein.

15.     Paragraph "15" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

16.     Paragraph "16" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

17.     Paragraph "17" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

18.     Paragraph "18" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGENCE - MTD PRODUCTS, INC.

19.     The answers to repeated allegations are repeated as though set forth herein.

20.     Paragraph "20" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

21.     Paragraph "21" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

## AS AND FOR A FOURTH CAUSE OF ACTION
## STRICT PRODUCT LIABILITY - TECUMSEH PRODUCTS CO.

22.     The answers to repeated allegations are repeated as though set forth herein.

MEI 6487618v.1

23. This defendant denies the allegations contained in paragraph "23" of the Complaint.

24. This defendant denies the allegations contained in paragraph "24" of the Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION
### BREACH OF WARRANTY - TECUMSEH PRODUCTS CO.

25. The answers to repeated allegations are repeated as though set forth herein.

26. This defendant denies the allegations contained in paragraph "26" of the Complaint.

27. This defendant denies the allegations contained in paragraph "27" of the Complaint.

28. This defendant denies the allegations contained in paragraph "28" of the Complaint.

29. This defendant denies the allegations contained in paragraph "29" of the Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE - TECUMSEH PRODUCTS CO.

30. The answers to repeated allegations are repeated as though set forth herein.

31. This defendant denies the allegations contained in paragraph "31" of the Complaint.

32. This defendant denies the allegations contained in paragraph "32" of the Complaint.

ME1 6487618v.1

## AS AND FOR A SEVENTH CAUSE OF ACTION
## STRICT PRODUCT LIABILITY - JOHN'S POWER EQUIPMENT

33.     The answers to repeated allegations are repeated as though set forth herein.

34.     Paragraph "34" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

35.     Paragraph "35" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## BREACH OF WARRANTY - JOHN'S POWER EQUIPMENT

36.     The answers to repeated allegations are repeated as though set forth herein.

37.     Paragraph "37" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

38.     Paragraph "38" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

39.     Paragraph "39" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

40.     Paragraph "40" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

## AS AND FOR A NINTH CAUSE OF ACTION
## NEGLIGENCE - JOHN'S POWER EQUIPMENT

41.     The answers to repeated allegations are repeated as though set forth herein.

42.     Paragraph "42" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

ME1 6487618v.1

43. Paragraph "43" of the Complaint is not directed to this defendant; therefore, this defendant makes no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The culpable conduct of the plaintiff caused any damages sustained by plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

In the event plaintiffs recover a verdict or judgment against the defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as Insurance.

### FOURTH AFFIRMATIVE DEFENSE

The liability of defendant, if any, to the plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence

### FIFTH AFFIRMATIVE DEFENSE

The action is barred by plaintiffs' express assumption of the risk for the activity in which plaintiff was engaged at the time of the occurrence.

### SIXTH AFFIRMATIVE DEFENSE

The action is barred by plaintiffs' implied assumption of the risk for the activity in which plaintiff was engaged at the time of the occurrence.

MEI 6487618v.1

## SEVENTH AFFIRMATIVE DEFENSE

Any and all risks, hazards, defects and dangers alleged were of an open, obvious and apparent nature and were inherent and known or should have been known to plaintiff. Plaintiff, therefore, willingly and voluntarily assumed all such risks, hazards, defects and dangers. Any damages recovered by plaintiffs from defendant should, therefore, be diminished in proportion to said culpable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

If the damages were sustained by plaintiffs at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of plaintiffs and/or third parties. If any damages are nevertheless recoverable against defendant, the amount of such damages shall be diminished in proportion to said culpable conduct.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part by the economic loss rule.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were proximately caused by the conduct of third parties over whom the defendant had no authority or control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise the degree of care with respect to the activities in which plaintiff was engaged at the time of the alleged accident that was required of a reasonable

individual under the circumstances. Plaintiff's failure to exercise the required degree of care is the proximate cause of plaintiffs' damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred by the doctrine of estoppel and/or laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant did not have any actual or constructive notice of the hazardous condition alleged by plaintiffs to exist at the time of the accident at issue.

### FIFTEENTH AFFIRMATIVE DEFENSE

All claims are barred by the statute of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

The product at issue was substantially modified and/or altered from the condition in which it was introduced into the stream of commerce in such a manner that was not foreseeable, and said modification/alteration was the proximate cause of plaintiffs' alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the product allegedly involved in plaintiffs' alleged incident is found to have been manufactured, assembled, distributed and/or sold by defendant, said product was not defective under strict products liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The product at issue was subject to abnormal and/or unintended use which was unreasonable and not foreseeable by this defendant and for which it is not liable.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred due to lack of privity.

## TWENTIETH AFFIRMATIVE DEFENSE

The product was sold "as is" without any warranties express or implied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The product was substantially modified by other parties over whom this Defendant had no control thereby discharging this defendant of any liability for the performance of the product.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The product was not installed in accord with instructions and directives provided thereby discharging this defendant of any liability for the performance of the product attributable to the improper installation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The product was not maintained in accord with instructions and directives provided by thereby discharging this defendant of any liability for the performance of the product attributable to the improper maintenance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and may not be maintained because of payment and release.

## ANSWER TO ALL CROSS CLAIMS

44.     This defendant denies all material allegations of any cross-claims that have or may be asserted against it, and repeat and reallege each of its separate defenses to the Complaint and make them part hereof as those set forth at length herein.

## AS AND FOR A FIRST CROSS-CLAIM

45. That in the event the plaintiff sustained the damages complained of other than by plaintiff's own carelessness and negligence, it will be claimed by this defendant that such damages were caused or contributed to by the negligence, carelessness, and or breach by Defendant John's Power Equipment; in the event any judgment is recovered herein against this defendant then Defendant John's Power Equipment shall be obligated to reimburse this defendant for such portion of the judgment in whole or in part which portion is attributable to the conduct of Defendant John's Power Equipment.

46. That by reason of the foregoing, this defendant is entitled to contribution and or indemnity in whole or in part and to have judgment over and against Defendant John's Power Equipment for all or part of any verdict or judgment that plaintiff or any party may recover against this defendant in this action.

WHEREFORE, this defendant demands judgment dismissing plaintiff's complaint in its entirety, judgment over on its cross-claim against Defendant John's Power Equipment, awarding costs, attorney's fees, and disbursements incurred in the defense of this matter, and granting all such other relief that the court shall deem just, equitable, and proper.

McCARTER & ENGLISH, LLP
Attorneys for Defendant
Tecumseh Products Company

By: _____
Bryan H. Mintz

Dated: July 18, 2007