

McCARTER
ENGLISH
ATTORNEYS AT LAW

September 12, 2007

Magistrate Judge Mark D. Fox
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Valentine *et al.* v. MTD Products Inc. *et al.*
07 CV 3914 (MDF)

Aimée Sato
Associate
T. 212.609.6827
F. 212.645.0514
asato@mccarter.com

Your Honor:

We are the attorneys for defendant Tecumseh Products Company ("Tecumseh"). Tecumseh respectfully submits this letter brief in support of its application to add Liberty Mutual Insurance Company (or its appropriate parent, affiliate or subsidiary, collectively or separately referred to herein as "Liberty Mutual") as a plaintiff in this matter because it is a real party in interest.

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY 10167
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

The named plaintiffs, Ronald and Theresa Valentine (collectively, "Valentines") commenced this diversity action against defendants in this Court by filing a Complaint and Jury Demand on May 18, 2007. The allegations sound exclusively under state law: product liability, breach of warranty and negligence and seek to recover for damage to the Valentine's home in connection with Mr. Valentine's use of a riding lawn mower.

While state law applies in determining the substantive merits of the allegations, "[s]tatus as a real party in interest is a procedural matter; therefore, in diversity cases federal law governs the issue of in whose name a lawsuit must be brought." Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 (2d Cir. 2002) (citation, quotation marks and footnote omitted). Fed. R. Civ. P. 17(a) mandates that "Every action *shall* be prosecuted in the name of the party in interest." Id. (emphasis added). An "insurer-subrogee, who has substantive equitable rights, qualifies as [a party in interest]." United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380 (1949) (citation omitted).

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Here, upon information and belief, Liberty Mutual seeks reimbursement from defendants for payments it made to its insureds, the Valentines. This renders Liberty Mutual an insurer-subrogee and as such it stands in the shoes of the Valentines to the extent of its payments to the Valentines. See 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 17.11[3][a] - [b] (3d ed. 2001). Therefore, both Liberty Mutual and the Valentines are parties in interest to the extent of their alleged losses which they bore respectively. Id. "[S]ince both insured and insurer 'own' portions of the substantive right . . . [they] should appear in the litigation in their own names." Aetna, 338 U.S. at 381. Accordingly, the caption

ME1 6702249v.1

Magistrate Judge Mark D. Fox
September 12, 2007
Page 2

"reveal and assert the actual interest of the [Valentines] and to indicate the interest[] of [Liberty Mutual]." Id. at 382.

For the foregoing reasons, Tecumseh respectfully requests that Liberty Mutual be added as a plaintiff *in addition to* the Valentines in this action because it is a real party in interest and that the caption be amended to reflect same.

Respectfully submitted,

Aimée Sato (AS-5309)

cc:  Jeffrey L. Nash, Esq.
     Rosario M. Vignali, Esq.
     Alice Spitz, Esq.

ME1 6702249v.1