

McCARTER
ENGLISH
ATTORNEYS AT LAW

October 9, 2007

Magistrate Judge Mark D. Fox
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Valentine *et al.* v. MTD Products Inc. *et al.*
    07 CV 3914 (MDF)

Aimée Sato
Associate
T. 212.609.6827
F. 212.645.0514
asato@mccarter.com

Your Honor:

We are the attorneys for defendant Tecumseh Products Company ("Tecumseh"). Tecumseh respectfully submits this reply letter brief in further support of its application to add Liberty Mutual Insurance Company (or its appropriate parent, affiliate or subsidiary, collectively or separately referred to herein as "Liberty Mutual") as a plaintiff in this matter as a real party in interest pursuant to Fed. R. Civ. P. 17(a).

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY 10167
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

Under Fed. R. Civ. P. 17(a), *both* Liberty Mutual and the named individual plaintiffs (the "Valentines") are real parties in interest and therefore both should appear in the caption to "reveal and assert the actual interest" of Liberty Mutual in addition to that of the Valentines. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 382 (1949).

While the Valentines are correct that where "the insurer has not fully compensated the insured for [their] loss, either party may sue without the presence of the other,"[1] it is appropriate to exclude the insurer Liberty Mutual as a party only "on such terms that are just," for example, when joinder of the absent insurer will destroy diversity. Universal Builders Supply, 409 F.3d at 81 (quoting Fed. R. Civ. P. 21). Such circumstances are not present here. Therefore, Liberty Mutual should be added as a plaintiff to this action in order to comply with the "purpose of the real party in interest rule [which] is to protect the defendant against a subsequent action by the party actually entitled to recover [i.e., Liberty Mutual], and to insure generally that the judgment will have its proper effect as res judicata." Motta v. Resource Shipping & Enterprises Co., 499 F. Supp. 1365, 1371 (S.D.N.Y. 1980) (citation and internal quotation marks omitted).

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

---

[1] St. Paul Fire and Marine Insurance Company v. Universal Builders Supply, 409 F.3d 73, 81 (2d Cir. 2005) (citation and internal quotation marks omitted).

ME1 6816454v.1

Magistrate Judge Mark D. Fox
October 9, 2007
Page 2

For the above reasons, together with those set forth in Tecumseh's principal letter brief dated September 12, 2007, Tecumseh respectfully requests that Liberty Mutual be added as a plaintiff *in addition to* the Valentines in this action and that the caption be amended to reflect same because Liberty Mutual is a real party in interest .

Respectfully submitted,

Aimée Sato (AS-5309)

cc:  Jeffrey L. Nash, Esq.
     Rosario M. Vignali, Esq.
     Alice Spitz, Esq.