UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONDALD VALENTINE and THERESA VALENTINE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>MTD PRODUCTIONS INC., TECUMSEH PRODUCTS COMPANY & JOHN'S POWER EQUIPMENT,<br><br>Defendants. | CASE NO. 07 civ. 3914<br><br>**STIPULATED PROTECTIVE ORDER** |

*[U.S. DISTRICT COURT FILED OCT 16 2007 S.D. OF N.Y. stamp]*

Pursuant to the federal rules of civil procedure and by agreement of the parties hereto, the Court makes and enters the following Order protecting the confidentiality of certain information and documents within the knowledge of the parties hereto which may be submitted or produced pursuant to discovery in this lawsuit.

**WHEREAS**, counsel for each party recognizes that each party may claim privileged and/or confidential information;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This Order shall govern all documents and other discovery materials, including deposition testimony, the production of documents, and answers and/or responses to interrogatories produced in response to any discovery conducted by any of the parties in this matter (hereinafter collectively referred to as *"Discovery Material"*).

2. As used herein, the term *"Confidential Material"* shall refer to any Discovery Material, or any portion thereof, that contains information that is a trade secret, or other privileged and/or confidential, research, development, commercial, and/or proprietary information, and

1673252.1

includes all information contained therein or derived therefrom, all copies thereof, and all summaries and extracts of any information contained in such Discovery Material.

    3.    When a party produces Discovery Material, it may designate all or any portion or portions thereof as Confidential Material by placing or fixing thereon (in such a manner as will not interfere with the legibility thereof) the phrase "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," or such other phrase as would clearly indicate the confidential nature of the document. To the extent that Confidential Material has been previously provided, each party shall treat as confidential any Discovery Material that was so marked. In the alternative, to the extent that such Confidential Material has been previously provided, each party may provide a list of such Confidential Material by identifying number. Designation in such a manner shall have the same effect under this Order whether the identified document has been stamped with the phrase "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," or such other phrase as would clearly indicate the confidential nature of the document. The contents of any page containing such designation and the complete contents of any document whose cover page bears such designation shall be confidential, unless the party producing such document clearly indicates thereon that only a portion of the page or document shall be so designated. A court reporter may be instructed to label all or designate parts of depositions as Confidential Material.

    4.    To the extent a party contends that a document contains Confidential Material, the party may, at its sole discretion, redact or strike out the Confidential Material and produce the redacted or edited copy of the document to the other party, which may be disclosed pursuant to paragraph 6 hereof. The redacted or edited copy of each document bearing Confidential Material shall bear the "Confidential" stamp. The parties, however, agree that, prior to redacting or striking out the Confidential Material, they will confer with the other party so that the

appropriateness of the redaction or striking *may* be discussed.

5. Discovery Material designated as Confidential Material shall be used solely for the purposes of this litigation, including preparation for and trial of this litigation and any appeals thereof, and not for any business or other purposes whatsoever. Confidential Material shall not be used or disclosed to any person, firm or corporation for any purpose other than in connection with the prosecution or defense of this action.

6. Confidential Information shall be disclosed only to the following:

(a) Counsel for the named parties in this action and their partners, associates and employees to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation;

(b) The Court or any other court to which any appeal of this litigation is taken, and the Court personnel, subject to paragraph 10 hereof;

(c) Court reporters while in the performance of their official duties;

(d) Any expert or consultant who is retained by a party or counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by counsel for said party for the performance of such assistance, and provided further that such expert or consultant may retain documents containing Confidential Information only so long as it necessary for the performance of such assistance;

(e) Parties to this action, but only to the extent that such disclosure is reasonably deemed necessary by counsel for said party for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation; and

(f) Any person whose testimony is taken or to be taken in this litigation, but

1673252.1

only to the extent that such disclosure is reasonably necessary for the conduct of this litigation, and provided further that such person may only be shown copies of documents containing Confidential Information during his testimony and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof.

7. Any of the Parties may also designate as "Confidential-Restricted," by stamping or other appropriate means, any document that contains highly-sensitive proprietary, financial or trade secret information, which the producing party claims to be highly-sensitive business or financial information.

    (a.) Confidential Restricted Information so designated, and information derived therefrom, shall be subject to the same protections as provided for Confidential Material as set forth in paragraph 2 above, except that, in addition, such Confidential Restricted Information may not be shown to or used by persons described in paragraphs 6(d)-(f) without prior consent of the designating party or to the jury or persons within the categories described in paragraphs 6(d)-(f) without prior agreement of the designating party or order of this Court.

8. No person shall make copies, extracts or summaries of documents containing Confidential Material except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation. Counsel and all other persons to whom Confidential Material is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Material.

9. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in any pleading, motion, reply, answer or response to any discovery request, deposition transcript or other paper filed with the Clerk of this Court, then

1673252.1

such Confidential Material shall be kept under seal by the Clerk until further order of this Court; provided, however, that such paper shall be furnished to the Court and attorneys for the named parties and a duplicate copy thereof, with the Confidential Material deleted there from, may be placed in the public record.

  10. In the event that any Confidential Material is used during depositions, in the trial of this case, or during the course of any other hearing, the Confidential Material used shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use regarding any subsequent transcription of the proceedings. Prior to the disclosure of any Confidential Material pursuant to this paragraph, that person shall agree to be bound by the terms of this Order.

  11. Any designation of confidentiality by a party may be challenged by the other party. The party making such challenge shall first consult with the party asserting confidentiality in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter may be submitted to the Court for resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Material in accordance with the provisions of this Order.

  12. This Protective Order shall not govern documents or information otherwise known by or available to a party other than through discovery in this action. In addition, if documents or information disclosed in discovery is information suggesting criminal conduct, the counsel of a party receiving same shall not be bound by the terms of this Protective Order to the extent this Order would prohibit counsel or the party from contacting appropriate law enforcement personnel.

  13. In the event counsel for either of the parties desires to disclose a document to an

1673252.1

individual other than one identified in paragraph 6 hereof, then the party wishing to disclose the document shall first consult with the other party in an attempt to secure their approval to the disclosure. In the event the party is unable to secure the other party's approval to the disclosure, the matter may be submitted to the Court for resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Material in accordance with the provisions of this Order.

14.   All Confidential Material shall be returned to the attorney for the party producing or providing the same within forty-five (45) days after the final conclusion of this lawsuit and no copies thereof shall be retained by any other person, including attorneys, and, if applicable, counsel shall certify to opposing counsel that any notes or transcriptions made from or concerning Confidential Material have been destroyed.

15.   Nothing in the provisions of this Protective Order shall be construed as a waiver by either party of any objections to any discovery requests, or to the admissibility at trial of any information submitted or produced pursuant to this Protective Order, and all such objections are specifically reserved.

16.   All persons and entities to whom Confidential Material is disclosed shall be bound by the terms of this Order. In the event of any breach by any party to this Protective Order, the parties hereto agree that the aggrieved party may, in the discretion of the court, seek the imposition of such sanctions as this Court may deem appropriate.

Dated: White Plains, August 23, 2007

1673252.1

Approved and Consented to by:

_____ 8/28/07
WILSON, ELSER, MOSKOWITZ,   (date)
(date)
EDELMAN & DICKER LLP
Rosario M. Vignali, Esq.
Equipment
*Attorneys for Defendant MTD PRODUCTS, INC.*
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

_____ 8/28/07
MOLOD, SPITZ & DESANTIS

Alice Spitz, Esq.
Attorneys for John's Power

104 West 40th Street, 9th Floor
New York, NY 10018
(212) 869-3200

_____ 8/28/07
COZEN O'CONNOR   (date)
Attorneys for Plaintiffs'
Co.
Jeffrey L. Nash, Esq.
45 Broadway Atrium, 16th Floor
New York, NY 10006
(212) 509-9400

_____ 8/28/07
McCARTER & ENGLISH   (date)
Attorneys for Tecumseh Products

Bryan Mintz, Esq.
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444


**SO ORDERED:**

_____ 9/4/07
Hon. Mark D. Fox, USMJ

MARK D. FOX
United States Magistrate Judge
Southern District of New York

1673252.1