JEFFREY L. NASH, ESQUIRE (JLN 6266)
COZEN O'CONNOR
45 Broadway Atrium, 16th Floor
New York, New York 10006
(212) 509-9400

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD VALENTINE and THERESA VALENTINE, husband and wife, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>MTD PRODUCTS, INC., TECUMSEH PRODUCTS COMPANY & JOHN'S POWER EQUIPMENT,<br><br>Defendants. | Case No.: 07-CIV-3914(MDF)<br><br>**AMENDED COMPLAINT**<br>**and JURY DEMAND** |

Plaintiffs, Ronald Valentine and Theresa Valentine, husband and wife, and Liberty Mutual Insurance Company by and through their attorneys, Cozen O'Connor, complaining of defendants, MTD Products, Inc., Tecumseh Products Company, and John's Power Equipment, alleges the following upon information and belief:

## THE PARTIES

1. Plaintiffs, Ronald Valentine and Theresa Valentine (hereinafter "Valentine"), are adult individuals who, at all times material hereto, owned and occupied a single family residence located at 21 Ridgeway Road, Slate Hill, New York 10973 (hereinafter "premises").

2. Plaintiff, Liberty Mutual Insurance Company (hereinafter "Liberty"), is a

Massachusetts corporation that at all times material hereto was authorized to conduct business and issue policies of insurance within the State of New York.

3. Defendant, MTD Products, Inc. (hereinafter "MTD"), is and was, at all times material hereto, a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business located at 5965 Grafton Road, Valley City, Ohio 44280.

4. Defendant, Tecumseh Products Company (hereinafter "Tecumseh"), is and was, at all times material hereto, a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business located at 100 East Patterson Street, Tecumseh, Michigan 49286.

5. Defendant, John's Power Equipment (hereinafter "John's"), is and was, at all times material hereto, a corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 215 Route 6, Milford, PA 18337-9329.

**FACTUAL ALLEGATIONS**

6. At all times material hereto, Valentine owned and occupied the premises.

7. At all times material hereto, the premises and all of the personal property contained therein, was insured by plaintiff, Liberty, pursuant to a policy of insurance bearing Policy Number HD203-7076220 (hereinafter "policy").

8. Upon information and belief, at all times material hereto, MTD was engaged in the business of manufacturing, designing, assembling, distributing and selling outdoor power equipment, including, White Outdoor Lawn Tractors and Twin Rear Bagger Kits.

9. Upon information and belief, at all times material hereto, Tecumseh was engaged in the business of manufacturing, designing, assembling, distributing and selling gasoline

motors/engines and other appurtenant parts used on various types of power equipment used by MTD.

10. Upon information and belief, at all times material hereto, John's was engaged in the business of distributing and selling lawn mowers, gasoline engines and saws, including MTD's White Outdoors Lawn Tractors and Twin Rear Bagger Kits.

11. Upon information and belief, on or about June 29, 2005, Valentine, purchased an MTD manufactured White Outdoor Lawn Tractor and Twin Rear Bagger Kit from John's.

12. On April 21, 2006, Ronald Valentine, was operating the aforementioned White Outdoor Tractor and Twin Rear Bagger while bagging leaves along-side the premises when suddenly, and without any warning, the tractor's engine and appurtenant parts erupted into flames causing Valentine to leap from the lawn tractor. The fire instantaneously spread to the premises.

13. Pursuant to its obligations under the policy, plaintiff, Liberty, reimbursed Valentine a total amount in excess of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

14. By virtue of the aforesaid payments, and pursuant to the terms of the insurance policy, Liberty, became subrogated to the extent of its payments to Valentine's right to recovery and is entitled to recover the same amount from defendants named in this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## STRICT PRODUCT LIABILITY – MTD PRODUCTS, INC.

15. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Fourteen (14) above, with the same force and effect as though more fully set forth at length herein.

16. The fire and resulting damages sustained by Valentine was caused by the actions and inactions of the MTD for which it is strictly liable in :

    A. designing, manufacturing, distributing and/or selling the White Outdoor Lawn Tractor in a defective and/or unreasonably dangerous condition; and

    B. failing to warn consumers of the defect(s) in the lawn tractor when defendant, knew or should have known of the defect(s) and that they constituted a danger.

17. As a direct and proximate result of the aforesaid conduct of MTD, the premises and personal property of Valentine sustained significant damage and destruction, the fair and reasonable value of which was in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

18. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE**, plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against the defendant, MTD Products, Inc., in an amount in the sum of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with the costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF WARRANTY – MTD PRODUCTS, INC.

19. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Eighteen (18) above, with the same force and effect as though more fully set forth at length herein.

20. MTD expressly and impliedly warranted that its White Outdoor lawn tractor was

merchantable and fit for its intended use and purpose.

21. MTD failed to design and/or manufacture the lawn tractor without known and dangerous defects and placed the defective product into the stream of commerce.

22. MTD breached its express and implied warranties.

23. As a direct and proximate result of the aforesaid conduct of MTD, the premises and personal property of Valentine sustained significant damage and destruction the fair and reasonable value of which is ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

24. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE,** plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against defendant, MTD Products in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with interest, costs of this action and any further relief that this Court believes is just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGENCE – MTD PRODUCTS, INC.

25. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Twenty-four (24) above, with the same force and effect as though more fully set forth at length herein.

26. The aforementioned fire, as well as the consequent severe and substantial damages sustained to the real and personal property of Valentine was directly and proximately caused by

the carelessness, recklessness and/or negligent acts and/or omissions of MTD, and/or its employees, representatives, agents and/or servants in the design, testing, inspection and/or manufacture of the lawn tractor.

27. As a direct and proximate result of the aforesaid acts of carelessness, recklessness and/or negligent acts and/or omissions of MTD, by and through its employees, representatives, agents and/or servants, Valentine sustained severe and substantial real and personal property damages, the fair and reasonable value of which was ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

28. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE**, plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against defendant, MTD Products, Inc. in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with interest, costs of this action and any further relief that this Court believes is just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STRICT PRODUCT LIABILITY – TECUMSEH PRODUCTS CO.

29. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Twenty-eight (28) above, with the same force and effect as though more fully set forth at length herein.

30. The fire and resulting damages sustained by Valentine was caused by the actions and inactions of Tecumseh for which it is strictly liable in :

A. designing, manufacturing, assembling, distributing and/or selling gasoline engines/motors and other appurtenant parts used on the White Outdoor Lawn Tractor in a defective and/or unreasonably dangerous condition; and

B. failing to warn consumers of the defect(s) in the gasoline engines/motors and other appurtenant parts used on the lawn tractor when defendant, knew or should have known of the defect(s) and that they constituted a danger.

31. As a direct and proximate result of the aforesaid conduct of Tecumseh, the premises and personal property of Valentine sustained significant damage and destruction, the fair and reasonable value of which was in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

32. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE**, plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against the defendant, Tecumseh Products Company, in an amount in the sum of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with the costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## BREACH OF WARRANTY – TECUMSEH PRODUCTS CO.

33. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Thirty-two (32) above, with the same force and effect as though more fully set forth at length herein.

34. Tecumseh expressly and impliedly warranted that its gasoline motors/engines and

appurtenant parts used on the lawn tractor were merchantable and fit for its intended use and purpose.

35. Tecumseh failed to design and/or manufacture gasoline motors/engines and other appurtenant parts used on the lawn tractor without known and dangerous defects and placed the defective product into the stream of commerce.

36. Tecumseh breached its express and implied warranties.

37. As a direct and proximate result of the aforesaid conduct of Tecumseh, the premises and personal property of Valentine sustained significant damage and destruction the fair and reasonable value of which is ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

38. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE**, plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against defendant, Tecumseh Products Company in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with interest, costs of this action and any further relief that this Court believes is just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NEGLIGENCE – TECUMSEH PRODUCTS CO.

39. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Thirty-eight (38) above, with the same force and effect as though more fully set forth at length herein.

40. The aforementioned fire, as well as the consequent severe and substantial damages sustained to the real and personal property of Valentine was directly and proximately caused by the carelessness, recklessness and/or negligent acts and/or omissions of Tecumseh, and/or its employees, representatives, agents and/or servants in the design, testing, inspection and/or manufacture of the gasoline engines/motors and appurtenant parts used on the lawn tractor.

41. As a direct and proximate result of the aforesaid acts of carelessness, recklessness and/or negligent acts and/or omissions of Tecumseh, by and through its employees, representatives, agents and/or servants, Valentine sustained severe and substantial real and personal property damages, the fair and reasonable value of which was ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

42. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE,** plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against defendant, Tecumseh Products Company in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with interest, costs of this action and any further relief that this Court believes is just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## STRICT PRODUCT LIABILITY – JOHN'S POWER EQUIPMENT

43. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Forty-two (42) above, with the same force and effect as though more fully set forth at length herein.

44. The fire and resulting damages sustained by Valentine was caused by the actions and inactions of the John's for which it is strictly liable in :

    A. distributing and/or selling MTD Products and Tecumseh Products including the White Outdoor Lawn Tractor in a defective and/or unreasonably dangerous condition;

    B. failing to warn consumers of the defect(s) in the gasoline engines/motors and appurtenant parts manufactured and distributed by MTD and Tecumseh when John's knew or should have known of the defect(s) and that they constituted a danger; and

45. As a direct and proximate result of the aforesaid conduct of John's, the premises and personal property of Valentine sustained significant damage and destruction, the fair and reasonable value of which was in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

46. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE**, plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against the defendant, John's Power Equipment, in an amount in the sum of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with the costs and disbursements of this action.

**AS AND FOR A EIGHTH CAUSE OF ACTION**

**BREACH OF WARRANTY – JOHN'S POWER EQUIPMENT**

47. Plaintiffs fully incorporates by reference all of the allegations contained in paragraphs One (1) through Forty-six (46) above, with the same force and effect as though more fully set forth at length herein.

48. John's expressly and impliedly warranted that the lawn tractor was merchantable and fit for its intended use and purpose.

49. John's failed to warn consumers of the dangerous and defective design and assembly of the gasoline motors/engines and other appurtenant parts used on the lawn tractor and placed the defective product into the stream of commerce.

50. John's breached its express and implied warranties.

51. As a direct and proximate result of the aforesaid conduct of John's, the premises and personal property of Valentine sustained significant damage and destruction the fair and reasonable value of which is ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

52. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE,** plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against defendant, John's Power Equipment in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with interest, costs of this action and any further relief that this Court believes is just and proper.

### AS AND FOR A NINTH CAUSE OF ACTION
### NEGLIGENCE – JOHN'S POWER EQUIPMENT

53. Plaintiffs fully incorporate by reference all of the allegations contained in paragraphs One (1) through Fifty-two (52) above, with the same force and effect as though more fully set forth at length herein.

54. The aforementioned fire, as well as the consequent severe and substantial damages sustained to the real and personal property of Valentine was directly and proximately caused by the carelessness, recklessness and/or negligent acts and/or omissions of John's, and/or its employees, representatives, agents and/or servants in the sale and distribution of the lawn tractor.

55. As a direct and proximate result of the aforesaid acts of carelessness, recklessness and/or negligent acts and/or omissions of John's, by and through its employees, representatives, agents and/or servants, Valentine sustained severe and substantial real and personal property damages, the fair and reasonable value of which was ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00).

56. In accordance with the terms and conditions of the aforementioned policy, plaintiff, Liberty, reimbursed Valentine for the damages they sustained and are thereby legally and equitably subrogated to its subrogor's rights of recovery in this matter.

**WHEREFORE,** plaintiffs, Ronald Valentine and Theresa Valentine and Liberty Mutual Insurance Company, demand judgment against defendant, John's Power Equipment, in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($185,550.00) together with interest, costs of this action and any further relief that this Court believes is just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

DATED: November 26, 2007

                         **COZEN O'CONNOR**
*Attorneys for Plaintiffs,
Ronald Valentine and Theresa Valentine*

BY:    /s/ Jeffrey L. Nash
       JEFFREY L. NASH
       45 Broadway Atrium, 16th Floor
       New York, New York 10006
       (212) 509-9400