aspitz@molodspitz.com
MOLOD SPITZ & DeSANTIS, P.C.
104 West 40th Street, 9th Floor
New York, New York 10018
Tel: (212) 869-3200
Fax: (212) 869-4242
*Attorneys for Defendant*
*JOHN'S POWER EQUIPMENT*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
RONALD VALENTINE and THERESA
VALENTINE, husband and wife, and LIBERTY
MUTUAL INSURANCE COMPANY,                    Case No.: 07 CIV. 3914 (WP4)

              Plaintiffs,       **JOHN'S POWER EQUIPMENT'S**
                                              **ANSWERS AND OBJECTIONS**
-against-                                     **TO PLAINTIFFS' FIRST SET OF**
                                              **INTERROGATORIES**

MTD PRODUCTS, INC., TECUMSEH PRODUCTS
COMPANY & JOHN'S POWER EQUIPMENT,

              Defendants.
-------------------------------------------------------------X

Defendant, JOHN'S POWER EQUIPMENT ("Defendant" or "John's") makes the following responses and objections to Plaintiffs' First Set of Interrogatories:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Defendant's rights and duties with respect to Plaintiffs' First Set of Interrogatories are specified by the Federal Rules of Civil Procedure as construed in applicable case law. Defendant responds to Plaintiffs' First Set of Interrogatories to the extent that they do not conflict with the Rules of Civil Procedure to seek to impose burdens on Defendant that is not mandated by said rules. Defendant further objects to these Interrogatories insofar as they seek discovery related to matters other than those involved in this lawsuit. Propounding such discovery, Plaintiff is

-2-

seeking some information that is not relevant to issues in this lawsuit, and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects to respond to any Interrogatory that seeks information prepared by Defendant and/or its legal counsel in preparation for trial. Such material is confidential work product and is not subject to discovery. Moreover, Defendant objects to responding to any Interrogatory that may consist of confidential attorney-client communications. Defendant, therefore, asserts the work product and attorney-client protection privileges.

The Answers and Objections to the Interrogatories are based upon information now known and reasonably available to Defendant. However, Defendant is engaged in the continuing investigation into the matters inquired about in these Interrogatories, and therefore, cannot exclude the possibility that it may be able to obtain more complete information, which may indicate that the Answers being supplied are incorrect or incomplete. Defendant, therefore, expressly reserves the right to amend its Answers and Objections to these Interrogatories as the continuing investigation reveals.

Except as expressly provided in the following responses, Defendant, in answering these Interrogatories, does not waive any objection based upon lack of authenticity or hearsay, as to the information produced. Defendant is producing information in the spirit of cooperation, but does not waive any evidentiary objections to this information. Defendant herein incorporates these objections into each of its responses as if the objections were set forth in their entirety in each response. Subject to Defendant's preliminary statement and general objections as described above, Defendant responds to Plaintiffs' First Set of Interrogatories as follows:

## INTERROGATORIES

1. Identify all persons who have knowledge of any relevant facts relating to this lawsuit. For each person provide:

   a. a brief summary of the facts known;

   b. identify the source of each and every fact;

   c. identify each and every document supporting, contradicting and/or relating such fact; and

   d. attach copies of each such document to your answers to these Interrogatories.

**ANSWER:**

Objection. This Interrogatory is overly broad, vague, misleading, unduly burdensome and ambiguous. Moreover, John's has not yet had the opportunity to conduct and/or complete its investigation of the facts alleged in this matter. Without waiving its objections and subject thereto, John Frederick's of John's Power Equipment has knowledge as to the sale of the White Outdoor Lawn tractor to the Plaintiffs. John's reserves the right to supplement this response.

2. Identify each witness you expect to call or rely upon in the trial of this action. For each such witness please provide:

   a. a summary of the matters to be testified about;

   b. the source of the knowledge of each and every fact to be testified to;

   c. identify each and every document supporting, contradicting and/or relating to your answer to this Interrogatory and attach copies of each such document.

**ANSWER:**

Defendant has not yet retained an expert; to be supplied in compliance with the Court's pretrial order and/or local rules with disclosure of expert witnesses.

3. Identify each and every expert whom you expect to call as an expert witness in the trial of this action. As to each expert, state:

   a. the subject matter on which the expert is expected to testify;

   b. the substance of the facts and opinions on which the expert is expected to testify;

c. a summary of the grounds for each opinion; and

d. attach a copy of the report of each expert set forth above along with a complete summary of any oral report.

**ANSWER:**

Defendant has not yet retained an expert; to be supplied in compliance with the Court's pretrial order and/or local rules with disclosure of expert witnesses.

4. If you or your expert witnesses intend to rely upon or offer into evidence any text book, paper, report or other authority to substantiate any opinions and conclusions or to rely upon the same in your examination and cross-examination of any experts, state:

a. the exact title of each such textbook, paper, report or authority;

b. the name and author of each;

c. the name and address of the publisher of each; and

d. the date when each was published.

**ANSWER:**

John's has not yet had the opportunity to conduct and/or complete its investigation of the facts alleged in this matter. Defendant has not yet retained an expert; to be supplied in compliance with the Court's pretrial order and/or local rules with disclosure of expert witnesses.

5. Identify each and every document that has been relied upon by each expert witness in the formulation of his or her opinion. Identify each and every document in your possession or control that is in any way related to the subject matter of this litigation and attach a copy of each document identified in response to this Interrogatory.

**ANSWER:**

John's has not yet had the opportunity to conduct and/or complete its investigation of the facts alleged in this matter. Defendant has not yet retained an expert; to be supplied in compliance with the Court's pretrial order and/or local rules with disclosure of expert witnesses.

6. If the defendant, or any representative of the defendant, at any time had any oral or written communication with plaintiff, or any representative of plaintiff, including but not limited to plaintiffs' insurer, concerning the subject matter of this litigation, set forth:

a. the substance of each oral or written communication;

  b. the date and time when each oral or written communication took place;

  c. the identity of all persons present or who participated in each communication; and

  d. identify all documents, which refer to or relate in any way to each oral or written communication and attach a copy of each document identified in response to this Interrogatory.

**ANSWER:**

  Answering Defendant did not have any communication with Plaintiffs after the alleged incident. Defendant's conversation was limited to the sale of the product on or about June 2005. Sale receipt already in the possession of the plaintiffs.

  7. If the defendant, or any representative of the defendant, at any time had any oral or written communication with co-defendants, or any representative of co-defendants, concerning the subject matter of this litigation, set forth:

  a. the substance of each oral or written communication;

  b. the date and time when each oral or written communication took place;

  c. the identity of all persons present or who participated in each communication.

**ANSWER:**

  Answering Defendant did not have any communication with co-defendants.

  8. Identify all documents and correspondence between defendant, or anyone acting on behalf of defendant, and co-defendants, or anyone acting on behalf of co-defendants, which refers to or relates in any way to the subject matter of this litigation, and attach copies of said documents and correspondence hereto.

**ANSWER:**

  Objection. This Interrogatory is overbroad, vague, misleading, unduly burdensome and ambiguous. Furthermore, documents sought are already in Plaintiffs' possession.

  9. State whether or not the claim made by the plaintiffs in the Complaint filed in this action is covered, either in whole or in part, by a policy or policies of liability or other insurance inuring to the benefit of the defendant. If so, please state:

  a. the name or names of the company or companies issuing such policy or policies;

  b. the policy number;

  c. the limits of liability under such policy or policies;

  d. the effective date or dates of such policy or policies;

  e. the name or names of the insured or insureds as they appear in the declaration pages of such policy or policies; and

  f. the name, address and job classification of the person or persons in charge of the supervision of plaintiffs' claim for such insurance company or companies.

**ANSWER:**

  Information already provided in answering Defendant's Rule 26 disclosure.

  10. State whether the defendant has ever been sued or had claims brought against them. If the answer is yes, state:

  a. names and addresses of the party or parties bringing the suit or making the claim;

  b. the dates of suits or claims were brought or made; and

  c. the disposition of the suits or claims.

**ANSWER:**

  Objection. This Interrogatory is overbroad, vague, misleading, unduly burdensome and ambiguous. Without waiving this objection and subject thereto, answering Defendant is unaware of any prior complaint involving White Outdoor lawn tractor.

  11. Describe the relationship between defendant, John's Power Equipment and defendant, MTD Products Inc.

**ANSWER:**

  John's Power Equipment is a dealer for MTD Products, Inc.

  12. Describe the relationship between John's Power Equipment and defendant Tecumseh Products Company.

**ANSWER:**

  John's Power Equipment is a service dealer for Tecumseh Products Company.

13. Did you sell or otherwise distribute the product in question? If so, state:

    a. the date you sold or otherwise distributed the product; and

    b. the name and address of the person or entity that purchased the product from you.

**ANSWER:**

The product was sold to Plaintiffs Valentine on June 29, 2005.

14. If you did not manufacture the product and/or any appurtenant parts to the product, state the name and address of the entity who did. State the name and address of the entity from which you purchased the product.

**ANSWER:**

The product was purchased from MTD Products Inc.

15. State the name and address of any person, firm or entity that did the following with respect to the product and/or any appurtenant part to the product:

    a. designed it;

    b. manufactured it;

    c. assembled it;

    d. packaged it;

    e. distributed it through sale or otherwise;

    f. advertised it;

    g. installed it; and

    h. serviced or maintained it.

**ANSWER:**

Answering Defendant advertised the product.

16. Were there any writings or warnings on the product and/or any appurtenant parts to the product itself, on its packaging, or on anything attached or appended to the product, when it left your control? If so, state specifically and fully the exact words used and their location. If

a warning was given in other than words, attach copies of any and all symbols or depictions used.

**ANSWER:**

    Warnings were provided that were supplied by the manufacturer. Information already in possession of the Plaintiffs.

    17. State whether you provided to a distributor, possible user or any person or firm that you expected to come in contact with the product and/or any appurtenant parts to the product, any form of written material, such as an owner's manual, repair manual, parts manual or any other writing pertaining to the product. If so, attach a copy of any such material. If you do not have a copy, state specifically what was written or depicted.

**ANSWER:**

    Operator Manual was provided to Plaintiffs with the product.

    18. Have you or any other person or entity repaired, altered, or otherwise changed the design or specifications of the product and/or any appurtenant parts to the product from the date of manufacturing to the date of the incident? If so, state:

    a. the name and address of the entity who made the repair, alteration or change;

    b. the date of each such change;

    c. thee specific details of the change;

    d. the name and address of the officer, managing agent or other person(s) in your organization most involved with such change; and

    e. the names and addresses of your employees or agents who were involved in such change. If the change is displayed on plans, specifications, blueprints or other drawings, or described in any document, attach a legible copy of such plans, specifications, blueprints or documents.

**ANSWER:**

    A grass catcher was attached to the product prior to delivery.

    19. If from the date the product was manufactured until the date of the incident, any writing or warnings pertaining to the product and/or appurtenant parts to the product were added, altered, or otherwise changed, state:

    a. the date of each such change;

      b. the specific words or symbols used in each such change;

      c. the name and address of the officer, managing agent or other person(s) in your organization most involved with such change; and

      d. the names and addresses of all of your employees who were involved in such change.

**ANSWER:**

      Defendant is unaware of any writings or warnings added, altered or changed pertaining to the product.

    20. State whether you intend to assert any defenses at the time of trial, and if so, state:

      a. if the defenses are based upon common-law, state the principle involved and fully provide the factual basis for any such defense;

      b. if the defenses are based upon statute, regulation or other written rule, identify each such statute, regulation or rule and fully provide a factual basis for any such defense;

      c. if the defenses are based upon an alteration, use, misuse of or other change in the product, indicate each such defense and fully provide a factual basis for any such defense.

**ANSWER:**

      Objection. Discovery in this matter is still ongoing. Additionally, affirmative defenses have been raised in the Defendant's Answer to plaintiffs' complaint.

    21. If you allege that any other person or entity or product manufactured by any other person or entity is responsible for the incident, provide the name and address of that person or entity, identify the product, if any, and fully provide the factual basis for the allegation.

**ANSWER:**

      Plaintiff Valentines, defendants MTD Products Inc. and Tecumseh Products Company

    22. Do you contend that the design, manufacture or distribution of the product and/or appurtenant parts to the product was governed by any governmental and/or industry codes, standards, regulations or advisories? If so, state:

      a. state the name and address of the governmental agency or department, or the industry office;

      b. specifically identify the codes, standards, regulations or advisories by title and numerical, alphabetical or other coded designation.

**ANSWER:**

Unknown.

Dated: New York, New York
       January 10, 2008

                                        MOLOD SPITZ & DeSANTIS
                                        *Attorneys for Defendant*
                                        *JOHN'S POWER EQUIPMENT*

                                        By: _____
                                            ALICE SPITZ (AS 5155)
                                        104 West 40th Street, 9th Floor
                                        New York, New York 10018
                                        Tel: (212) 869-3200
                                        File No.: FED-462

TO:

Jeffrey L. Nash, Esq.
Cozen & O'Connor
45 Broadway Atrium, 16th Floor
New York, New York 10006
Tel: (212) 509-9400
**Attorneys for Plaintiffs**
**Ronald Valentine and Theresa Valentine**

Rosario M. Vagnali, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 323-7000
**Attorneys for Defendant**
**MTD Products Inc.**

Bryan H. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444
**Attorneys for Defendant**
**Tecumseh Products Company**